(Reap. Dec. 9492)

MORRIS FRIEDMAN ET AL. *v.* UNITED STATES

Entry No. 4492, etc.

(Decided August 19, 1959)

*Tompkins & Tompkins* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, subject to the approval of the Court, that the issues in the Reappraisement Appeals set forth in Schedule A below, which Schedule A is made a part of this stipulation, are the same in all material respects as the issues in the case of *United States v. Freedman & Slater, Inc.*, A.R.D. 77, and that the record in said A.R.D. 77 may be incorporated in the cases listed in said Schedule A.

It is further stipulated and agreed that the entered values of the merchandise involved in the cases listed in said Schedule A are equal to the prices at the time of exportation of such merchandise to the United States, at which such and similar merchandise was being freely offered for sale in the usual wholesale quantities to all purchasers in the principal markets of the country from which exported in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the "foreign values" of such and similar merchandise, as defined in Section 402(c) Tariff Act of 1930, were no higher.

The cases listed in said Schedule A are submitted for decision upon this stipulation.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value for these items is, in each instance, the entered value.

Judgment will be rendered accordingly.